O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE OAK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL WINTER, et al.,<br><br>　　　　　Defendants. | Case No.: 2:22-cv- 00517-MEMF(PDx)<br><br>**ORDER TO SHOW CAUSE WHY JURISIDICTION IS PROPER IN LIGHT OF *ROOKER-FELDMAN* AND CLAIM PRECLUSION PURSUANT TO 28 U.S.C. § 1738** |

On January 23, 2022, Plaintiff Eugene Oak ("Oak"), appearing pro se, filed a Complaint against eighteen defendants alleging ten causes of action: (1) violation of the Due Process Clause under the Fifth and Fourteenth Amendments; (2) concealment pursuant to 18 U.S.C. § 2071; (3) obstruction of court order pursuant to 18 U.S.C. § 1509; (4) "fraud and swindles" in violation of 18 U.S.C. § 1341; (5) violation of California Corporations Code § 9633; (6) "fraud and false statements" pursuant to 18 U.S.C. § 1001; (7) "fraudulent/intentional misrepresentation" pursuant to 33 U.S.C. § 931; (8) elder abuse pursuant to 42 U.S.C. § 3058(10)(c); (9) breach of contract pursuant to California Civil Code § 3300; and (10) fake deed transfer pursuant to 18 U.S.C. § 152(7). *See*

*generally* ECF No. 1 ("Complaint" or "Compl."). Oak seeks multiple forms of relief, including various forms of injunctive and declaratory relief. *Id.* at 61–66.

The present action is the fifth such case by Oak alleging similar facts. *See* Order Granting Defendants' Motion to Dismiss and Declare Plaintiff a Vexatious Litigant, ECF No. 221 ("MTD Order") at 2–5 (providing a summary of Oak's prior state and federal court actions). Most pertinent to the matter at hand is *Oak v. BBC Van Ness*, the 2018 action filed in Los Angeles Superior Court. Case No. BC703900 (Cal. Sup. Ct. 2018) ("LASC Action"). The Court previously summarized the LASC Action in its MTD Order:

> On April 26, 2018, Oak filed his initial case against Defendants BBC Van Ness ("BBC"), Michael Winter ("Winter"), Van Ness Partners I, LLC ("Partners"), Federal Street Holdings LLC ("Federal"), RN Management, LLC ("RN"), Jane Oak, Jane Oak and Associates, APC, Dong Choi and Does 1–25 in Los Angeles Superior Court. *See* ECF No. 134-7 ("LASC Order on Mot. for Summ. J."); ECF No. 134-6 ("LASC Action Docket"). Oak alleged that the defendants had fraudulently acquired real property located at 610, 614, and 618 S. Van Ness Avenue in Los Angeles, California. ECF No. 134-10, LASC Order Granting Mot. for Reconsideration and Mot. to Declare Vexatious Litigant ("LASC Reconsideration Order") at 1–2.
>
> On June 22, 2020, Judge Terry A. Green, **finding that Oak held no interest in the property**, entered summary judgment in favor of defendants BBC, Federal, Partners, and RN. *See id.* at 9; *id.* at 1–2. **Judgment was entered on August 4, 2020**, and the remaining defendants were dismissed. *See* LASC Reconsideration Order.

*See* MTD Order at 2 (emphasis added).[1]

The Court has, to date, ruled on a large number of motions in this action including, but not limited to, a Motion to Add Additional Defendants, ECF No. 72, a Motion to Quash, ECF No. 73, and a Motion to Dismiss and Declare Oak as a vexatious litigant, ECF No. 221. However, upon further review of Oak's prior state court proceedings and the filings in the present action, it appears that the Court may not have subject matter jurisdiction over this case.

---

[1] Oak attempted to appeal the LASC judgment to the Court of Appeal for the Second Appellate District. However, as he attempted to improperly appeal an Order Denying Reconsideration and the Order Granting Summary Judgment, the appeal was dismissed. *See* MTD Order at 3–4.

Federal courts are courts of limited jurisdiction and, as such, "have an independent obligation to determine whether subject matter jurisdiction exists." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Lack of subject matter jurisdiction may be raised *sua sponte* by the district court at any point in the litigation. FED. R. CIV. P. 12(h)(3); *see also Ruhrgas*, 526 U.S. at 583. If the court determines that it lacks subject matter jurisdiction, the case must be dismissed. FED. R. CIV. P. 12(h)(3).

It appears this action may be a purported appeal of a state court proceeding—and thus barred under the *Rooker-Feldman* doctrine—or it may be subject to claim preclusion as mandated by the Full Faith and Credit statute, 28 U.S.C. § 1738, and California claim preclusion law—and thus barred for that reason. The purpose of this order is to clarify the nature of this action so that the Court may determine whether either of these doctrines applies to bar the federal court's exercise of jurisdiction.

### A. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine stands for the proposition that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154–55 (9th Cir. 2003). Instead, the Supreme Court is "*the only* federal court with jurisdiction to hear such an appeal." *Id.* (emphasis added). The doctrine prohibits "de facto appeals" from state court judgments wherein "the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Id.* at 1163.

As summarized by the Ninth Circuit, such a de facto appeal may arise in two situations: (1) "the federal plaintiff may complain of harm caused by a state court judgment that directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an allegedly erroneous ruling by that court" and (2) "the federal plaintiff may complain of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." *Id.* The doctrine does not bar jurisdiction, however, when the federal

plaintiff "does not complain of a legal injury caused by a state court judgment, but rather *of a legal injury caused by an adverse party*."[2] *Id.* (emphasis added). Indeed, state and federal courts hold concurrent jurisdiction where a federal plaintiff and adverse party are "simultaneously litigating the same or a similar dispute in state court." *Id.* (citing *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970)); *see also Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (holding that *Rooker-Feldman* is inapplicable where there are parallel proceedings in state court, even if the state court reached judgment first while the federal court proceedings are ongoing.). The doctrine also does not apply to federal actions brought by nonparties to the state court judgment. *See Lance v. Dennis*, 546 U.S. 459, 464 (2006) (holding that *Rooker-Feldman* is inapplicable where the federal plaintiff "was not a party in the state court and was in no position to ask this Court to review the state court's judgment.").

### B. **Full Faith and Credit, 28 U.S.C. § 1738**

Even if an action is not barred by *Rooker-Feldman*, then under 28 U.S.C. § 1738 if a federal plaintiff and adverse party have already litigated a claim in state court and obtained judgment on the merits, the federal plaintiff cannot bring the same claim in federal court. *See Noel*, 341 F.3d at 1164. 28 U.S.C. § 1738 mandates that federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in courts of the State from which the judgments emerged." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 467 (1982); 28 U.S.C. § 1738 ("Acts, records[,] and judicial proceedings . . . [of any state, territory, or possession] shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."). *See also Noel*, 341 F.3d at 1160 ("[Section 1738] provides that the state judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.").

---

[2] As discussed below, however, such a claim may be barred by the Full Faith and Credit statute, 28 U.S.C.§ 1738.

Federal law dictates that this Court look to applicable state claim preclusion law to determine whether a claim is precluded. *See, e.g., Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016) (holding that Section 1738 requires that California claim preclusion law govern whether a federal court must give preclusive effect to state court judgments). As the LASC Action case was filed in California, California claim preclusion law governs whether Oak's property claim may be brought in federal court. In California, "[c]laim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties [or parties in privity with them] (3) after a final judgment on the merits in the first suit." *Furnace*, 838 F.3d at 1023 (citing *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015)).

In light of the foregoing, the Court ORDERS Oak to show cause in writing why the present action is not barred by either the *Rooker-Feldman* doctrine or the Full Faith and Credit statute and California claim preclusion law. Oak's response must be structured as follows:

Oak shall identify:

(1) The claims at issue in his state court proceeding, listed by number;

(2) The claims upon which judgment was entered by Judge Terry Green in the LASC Action, listed by number;

(3) The properties at issue in the LASC Action;

(4) The properties at issue in the case currently before this Court;

(5) The parties in the LASC Action;

(6) The parties in the case currently before this Court;

(7) The relief that Oak seeks to recover in the case currently before this Court;

(8) Whether, if at all, a decision in his favor from this Court in the present action will overrule or otherwise supersede the judgment in the LASC Action;

(9) Whether he is complaining of harm caused by the judgment in the LASC Action that directly withholds a benefit from (or imposes a detriment on) him, based on an allegedly erroneous ruling by Judge Green; and

(10) Whether he is complaining of a legal injury caused by the judgment in the LASC Action.

Oak shall file a Response to this Order to Show Cause within one (1) week of the date of this Order. The Response must not exceed ten (10) pages in length. The failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court dismissing this case.

**IT IS SO ORDERED.**

Dated: August 30, 2022

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge